IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MAZEAU BALTHAZAR,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 06 C 6230 ) |
| **SOUTHWESTERN BELL CORPORATION, ILLINOIS BELL TELEPHONE COMPANY,** and **MARTIN MURPHY,** | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Illinois Bell Telephone Company ("Illinois Bell") has filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I and II of plaintiff Mazeau Balthazar's ("Balthazar") complaint. For the following reasons, I deny that motion.

I.

In ruling on Illinois Bell's motion to dismiss, I must accept all well-pled facts in Balthazar's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to Balthazar. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of a claim is proper only if Balthazar can prove no set of facts to support that claim. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). In addition to the allegations contained in Balthazar's

complaint, I may consider the attachments to the complaint. *See* FED. R. CIV. P. 10(c); *Help at Home, Inc. v. Med. Capital, LLC*, 260 F.3d 748, 752 (7th Cir. 2001) (internal citation omitted). Further, I may consider the affidavit Balthazar submitted in response to Illinois Bell's motion to dismiss. *See Help at Home, Inc.*, 260 F.3d at 752-53 (noting that a plaintiff may add essential facts "by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint") (internal citation omitted).

Given these standards, the following facts are relevant to Illinois Bell's motion: Balthazar's complaint brings claims for employment discrimination and discriminatory discharge in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (2006) (Counts I and II) and violation of his rights under 42 U.S.C. § 1981 (Counts III and IV).[1] Balthazar identifies himself as "a Black man, a Haitian citizen and a permanent resident of the United States." (Pl. Compl. ¶ 4.) He alleges that he worked as a technician for defendant Southwestern Bell Corporation ("SBC") d/b/a Illinois Bell. (*Id.* at ¶¶ 5, 9.) He further alleges that, once he began reporting to defendant Martin Murphy ("Murphy"), Murphy discriminated against him on the basis of race, color and nationality by disciplining him and

---

[1]Balthazar brings Counts I, II and III against SBC d/b/a Illinois Bell, and Count IV against Murphy.

2

subjecting him to closer scrutiny than non-black or non-Haitian employees. (*Id.* at ¶¶ 11-13.) According to Balthazar's complaint, he was ultimately terminated for alleged poor performance, but this was merely a pretext for discharging him because of his race, color and nationality. (*Id.* at ¶¶ 13, 18-19.)

Balthazar also alleges that he filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), and that the EEOC conducted an investigation and dismissed his complaint. (*Id.* at ¶¶ 14-16.) The EEOC issued him a notice-of-right-to-sue letter on May 10, 2006 via certified mail (the "May 10 letter"), which "was never delivered/claimed." (*Id.* at ¶ 16.) The EEOC subsequently reissued the notice-of-right-to-sue letter on August 11, 2006 (the "August 11 letter") via ordinary mail. (*Id.* at ¶ 16.) According to the August 11 letter, which Balthazar attached to his complaint, the postal service returned the certified letter to the EEOC because the letter went unclaimed. (*Id.* at Ex. B.)

Balthazar has also submitted an affidavit along with his response to Illinois Bell's motion to dismiss. In his affidavit he states that after May 10, 2006 he did not receive any certified mail at his residence or any communication from his local post office that he had certified mail waiting for him to pick up. (Balthazar Aff. ¶ 1.) He further states that he did not receive the August 11 letter until August 31, 2006, and that he remembered that date because it was the first time he had received mail

3

regarding his case from a long period of time. (*Id.* at ¶¶ 4-5.) Balthazar also avers that his original lawyer did not respond to the messages he left her after he received the August 11 letter, and so it was not until he spoke to another attorney that he realized the significance of the right to sue letter. (*Id.* at ¶¶ 10-13.)

II.

The sole ground upon which Illinois Bell moves to dismiss Counts I and II is that Balthazar filed his complaint more than 90 days from the date that the EEOC sent him a notice-of-right-to-sue letter. A plaintiff bringing a Title VII claim must file suit within 90 days from the time that the EEOC gives the plaintiff notice of his right to sue. 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."); *see also Houston v. Sidley & Austin*, 185 F.3d 837, 839-39 (7th Cir. 1999) (internal citation omitted). The Seventh Circuit has determined that the 90-day period begins to run from the time the plaintiff receives actual notice of the complaint, unless the failure to receive notice earlier was due to the fault of the plaintiff. *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316-17 (7th Cir. 1984) (internal citations omitted). The date of "actual notice" is the date that the plaintiff or his attorney obtains physical possession of the right to sue letter. *Jones v. Madison Serv. Corp.*, 744 F.2d

1309, 1312 (7th Cir. 1984). The Seventh Circuit has held that where the plaintiff is at fault for failing to receive the notice earlier, the constructive notice rule applies and "the 90-day clock starts running once delivery is attempted at the last address provided." *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005) (internal citation omitted).

Here, taking Balthazar's well-pled allegations as true, Balthazar was not at fault for not receiving the May 10 letter because he never received notice that there was a certified letter waiting for him at the post office, nor did he receive the certified letter at his residence. Therefore, the mailing of the May 10 letter could not have triggered the start of the 90-day period for filing his complaint.[2] Instead, I must accept as true his allegation that he received the August 11 letter on August 31, 2006, which was within 90 days of the time he filed his complaint. Although Illinois Bell argues that this circuit always applies the presumption that a right to sue letter is received no more than five days after it is issued by the EEOC, this is incorrect. As the Seventh Circuit explained in *Reschny*, the constructive notice

---

[2]Illinois Bell cites *Jones v. Motorola, Inc.*, No. 00 C 6439, 2001 WL 864273 (N.D. Ill. July 30, 2001) for the proposition that the actual notice rule does not apply unless Balthazar can produce facts explaining why he did not timely retrieve the May 10 letter. *See id.* at *6. However, *Jones* was decided on the summary judgment standard, and this motion is governed by the motion to dismiss standard, so I must accept as true Balthazar's averment that he never received notice of the fact that a certified letter was waiting for him at the post office.

5

rule applies only where the plaintiff is at fault for failing to receive the notice earlier. *Id.* at 823. Here, taking the well-pled allegations as true, this is not the case.

Although Illinois Bell cites *Adams v. Krisdee & Assocs.*, No. 97 C 6290, 1998 WL 59574 (N.D. Ill. Feb. 9, 1998) as support for its motion to dismiss, this case actually supports Balthazar. In *Adams*, the plaintiff averred that although the EEOC had sent a right to sue letter to him via certified mail that the postal service returned to the EEOC as unclaimed, he checked his mailbox during the time that the certified letter should have been waiting for him and never saw either the certified letter or any notice that there was a letter waiting for pickup. *Id.* at *2-3. Given the plaintiff's affidavit, the court denied the defendant's motion to dismiss since the well-pled allegations showed that "the fault that caused Adams' nonreceipt of the right-to-sue letters was that of the United States Postal Service, not of Adams himself." *Id.* at *2. As with Adams, here Balthazar avers that, through no fault of his own, he did not actually receive notice of his right to sue until he received the August 11 letter on August 31. Although further discovery may present evidence to the contrary, there is presently no basis upon which to dismiss Balthazar's claims.[3]

---

[3]Illinois Bell attaches a document to its reply in support of its motion to dismiss purporting to be "a certified mail receipt verifying that the Notice was properly mailed." (Def. Reply at 2, Ex. A.) Although this exhibit supports Illinois Bell's contention that the postal service actually mailed the May 10 letter (which

III.

For the above reasons, I deny Illinois Bell's motion to dismiss.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 30, 2007

---

Balthazar does not contest in his response), without further explanation or supporting evidence it does not refute Balthazar's contention that he never received notice of the May 10 letter.